**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, Plaintiff, v. Omar Erazmo Romero-Morales, Defendant. | No. CR-12-0484-PHX-DGC<br><br>**ORDER** |

The Court has considered the government's notice of intent to introduce other acts evidence (Doc. 41) and Defendant's objection to the notice (Doc. 51). The government must prove alienage as part of its case against Defendant for illegal reentry. *See* Ninth Circuit Model Jury Instruction (Criminal) 9.6. The Ninth Circuit has stated that "[a] previous conviction under 8 U.S.C. § 1326(a) establishes that a defendant was an alien at the time of that conviction, and is therefore relevant and highly probative of alienage for the current 8 U.S.C. § 1326 charge." *United States v. Higuera-Llamos*, 574 F.3d 1206, 1210 (9th Cir. 2009). In this case, the government will be permitted to present documents from Defendant's prior convictions so long as the documents are "redacted so as to eliminate all information regarding sentencing and any other miscellaneous, irrelevant information," the Court instructs the jury when the evidence is admitted and in closing instructions that the documents are "to be considered only for the limited purpose of proving alienage," and the government demonstrates to the Court that the government does not have an effective, convenient, and less prejudicial method of proving alienage.

*Id.* The Court concludes that admission of documents under these conditions will not violate Rule 404(b). The documents will be admitted to prove alienage, an essential element of the government's case; they will present sufficient evidence for the jury to conclude that Defendant was an alien at the time of the previous judgments; and they are not too remote in time, having arisen from convictions in 2010 and 2011. *Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000). With the protections outlined above, the Court also concludes that their probative value will not be substantially outweighed by the danger of unfair prejudice so as to be inadmissible under Rule 403.

Dated this 30th day of October, 2012.

_____
David G. Campbell
United States District Judge